SPENCER v. PIKE COUNTY.

(Circuit Court, M. D. Pennsylvania. January 18, 1911.)

No. 222, December Term, 1909.

1. COUNTIES (§ 121*)—CONTRACTS—MEMORANDUM.

An offer to furnish a county office equipment having been accepted by a resolution of the county commissioners, a contract arose, which was not affected by the subsequent signing of a memorandum by two of the three county commissioners who voted for the resolution, in their individual capacity, not purporting to act as a board or as agent for the county.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 121.*]

2. SALES (§ 379*)—DELIVERY—TENDER—PLEADING—VARIANCE.

Where, in an action for a buyer's breach of a contract of sale, plaintiff alleged delivery, and proved a tender and refusal, of the goods, there was no fatal variance.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1094; Dec. Dig. § 379.*]

At Law. Action by T. E. Spencer against Pike County. On rule for judgment non obstante veredicto and for a new trial, in the alternative. Discharged.

S. B. Price, for the rule.
W. J. Fitzgerald, opposed.

ARCHBALD, District Judge. This is an action for damages for breach of a contract to buy a safe, two vault doors, and some steel file

cases, for use in the county offices of the defendant county. The sale was effected by an offer on the part of the plaintiff, which was accepted by resolution of the county commissioners duly passed. This resolution was carried by a majority of the board on December 21, 1908; two of the commissioners voting for it, and one against. But it was rescinded on January 8, 1909, when the new board came in, and the plaintiff notified, a few days afterwards, that they would not comply. It had been requested of the plaintiff, however, that the work should be rushed, and he had therefore, in the meantime, forwarded to the manufacturers, on whom he relied, an order for the safe and the vault doors, which were to be of a special size and make, and they were subsequently shipped to the nearest railroad station, and one of the vault doors carted to the county seat, some seven miles distant, and an attempt made to deliver it there; but it was refused by the county commissioners, who would not allow it to be brought onto the grounds, and nothing further was done. The steel file cases were standard goods, and, not having been made, all that is claimed for them is the profit that the plaintiff would have derived.

The only defense which needs serious consideration is that the agreement with the plaintiff was reduced to writing and signed, and should therefore have been offered in evidence in that form, by which, if it had come in, it would be found that the plaintiff had no case. But the writing referred to[1] was not the contract between the parties, nor

---

[1] The following is a copy of this writing:

"State of Pennsylvania, }
   County of Pike.  }                        Milford, Dec. 21.

"T. E. Spencer, New York: Please send us as soon as convenient one Miller safe No. 21, with steel chest approximately inside 66 inches high, 55 inches wide, 20 inches deep, two sets of No. 3 vestibules, three sets of steel cases as per plans for commissioners' office as per illustration catalogue or plan on back hereof, if any, necessary alterations allowed. Ship via ———, all goods to be delivered in Milford, Pa., and rent same to undersigned on following terms: $4,650, $650 on arrival of goods, and the balance in payment of $1,000 each year December 1st, notes of certificates with interest given for time payments and interest payable annually on the time payments.

"It is agreed above sums are to be paid as rent for said safe. When the full amount of $4,650 and interest is paid you are to give me bill of sale of safe. If note is not forwarded to you at expiration of 25 days from date of invoice the rent shall become due at the expiration of 30 days from date of bill, and agree to accept and pay draft of amount mentioned below, and are not to countermand or attempt to annul this contract.

"It is agreed that the title of said safe shall not pass until notes are paid or safe paid for in cash, but shall remain your property until that time. In default of payment of said rent you or your agent may take possession and remove said safe without legal process. All claims for damages arising from such removal being hereby waived. You are to retain any payments made for use of safe. Nothing but shipment or delivery constitutes an acceptance of this contract.

"It is also hereby expressly agreed and understood that the foregoing embodies all the agreements made between us in any way, hereby waiving all claims or verbal or other agreements of any nature not embodied in this contract. A receipt of a duplicate hereof is hereby acknowledged. Agents not authorized to make collections. Amount, $4,650.

    "Yours truly,                                    W. H. Clune.
                                                  "H. S. Albright."

indeed, under the evidence, could it have been. It appears that after the resolution had been passed by the board the plaintiff drew up this paper, and it was signed by the two commissioners who had agreed to buy; the other having left the room. The purpose of it seems to have been, in order that the plaintiff, for his own protection, might have something to show the bargain which had been made. But that was all. It was written by him on a printed blank, which he seems to have had, and it assumed the form of an order for the articles, describing them briefly, and giving the price, there being an agreement at the foot of it, in fine print, that until the full amount had been paid no title was to pass, and that whatever was paid was to be taken merely as rent. The two commissioners who signed it signed not for the county, or in their official capacity, but in their individual names; the third commissioner not being there. This could not bind the county, and the plaintiff was justified in treating it as of no effect. The commissioners were not authorized to go outside of the resolution which had been passed while the board was in session, nor could they vary from it after the meeting had adjourned, even though they constituted a majority of the board. It is true that the resolution was to make a contract with the plaintiff, which possibly implied that a formal contract was to be drawn up and executed. But it was complete without this as it stood, and under no circumstances could there be a different contract entered into, such as this would have been. Nor is the memorandum, which the plaintiff scratched off and the two commissioners signed, to be regarded as nullifying what had been previously done. It certainly was not so intended, and is not to be so held. It may have had a certain purpose, but it was not that. The plaintiff therefore correctly declared for and relied on the real contract in the case, an acceptance by resolution of the proposal which he had made, which was the only one by which the county was bound.

It is further claimed that there is a variance between the allegation of delivery in the plaintiff's statement and the proofs. It is no doubt true that, where a sale and delivery is charged, it must be proved as laid, and that this is not sustained by evidence of an attempted delivery and a refusal to accept, which, if relied on, must be specially pleaded. Brand v. Henderson, 107 Ill. 141, 147; Outwater v. Dodge, 7 Cow. (N. Y.) 85; 1 Chitty, Plead. *358. But the plaintiff's statement does not offend against this rule. The substance of what is there said is that the plaintiff delivered the safe and the vault doors to the commissioners at Milford, the county seat, and arranged to obtain and install the file cases, but that the commissioners refused to accept the same, or any of them, notifying the plaintiff that they would not perform. The delivery which is so spoken of refers, of course, to the tender or attempted delivery which was made, which the commissioners, it is averred, refused; this averment precluding the idea that anything else was meant. In no sense was a complete delivery asserted, and it could not have been so understood. There was thus no variance between the allegations and the proofs, nor anything by which the defendant could have been misled.

The rules for judgment non obstante and for a new trial are discharged.